**In re SEARCH OF THE RAYBURN HOUSE OFFICE BUILDING ROOM Number 2113 WASHINGTON, D.C. 20515.**

No. 06–0231 M–01.

United States District Court, District of Columbia.

July 19, 2006.

_____

## *MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is Congressman William J. Jefferson's Motion for Stay Pending Appeal. On May 20, 2006, federal agents executed a search warrant

**4**

upon the movant's congressional office. The search warrant had been issued by this Court upon the Government's showing of probable cause to believe that evidence of a crime would be found in the office. On May 24, 2006, Congressman Jefferson filed a motion for return of the property seized during the search. On May 25, 2006, the President of the United States issued a Memorandum sequestering the seized material for a period of forty-five days. On July 10, 2006, this Court issued a Memorandum Opinion and Order denying the Motion for Return of Property. The Order stated that as the forty-five day sequestering period had expired, the Department of Justice is now free to regain custody of the seized materials and resume its review thereof. The instant motion seeks a stay of the execution of that Order, pending the Congressman's appeal of the Court's denial of his Motion for Return of Property.[1]

In determining whether to grant a motion to stay pending appeal, a court must consider whether the movant has shown: (1) that he has a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) that issuing a stay will not harm the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir.1958). Whether to grant or deny a stay depends on a "balance of the equities." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977).

First, while the issues in the motion for return of property are indeed serious as they raise constitutional questions dealing with the Separation of Powers doctrine and inter-branch comity, the Court found little support in the law for the positions argued in the motion. Congressman Jefferson has not made a strong showing that he is likely to prevail on the merits of his appeal. Second, Congressman Jefferson has not demonstrated that he would be irreparably harmed absent a stay. The seized materials will be reviewed by a filter team, and Congressman Jefferson will have a full opportunity to raise claims of privilege and have them resolved by the Court before any member of the prosecution team is given access to the materials.[2] Third, a stay would harm the other party to this litigation, in that the Government's ongoing investigation would be prejudiced by the delay. Similarly, issuing a stay would harm the public's interest in a prompt and final outcome of the Government's investigation of serious crimes involving a sitting United States Congressman running for reelection in November.

For the foregoing reasons, the Court finds that the balance of the equities clearly weighs against the issuance of a stay in this case. Accordingly, the Motion for Stay Pending Appeal is denied. An appropriate Order will accompany this Memorandum Opinion.

### *ORDER*

Pending before the Court is Congressman William J. Jefferson's Motion for Stay

---

1. A party must ordinarily move first in the district court for a stay of a district court order pending appeal. Fed. R.App. P. 8(a)(1)(A).

2. The Court at oral argument inquired if the legislative privilege concerns would be al-

layed by the appointment of someone other than the Government attorneys to do the review, in the nature of a special master like a former Congressman. The movant took the position that this procedure was no more legitimate than the procedure put in place.

Pending Appeal. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for Stay Pending Appeal is **DENIED.** It is further

**ORDERED** that the Clerk of the Court is directed not to seal this Order and the accompanying Memorandum Opinion, and to make those documents available to the public.

**SO ORDERED.**