**UNITED STATES of America**

v.

**William J. JEFFERSON, Defendant.**

**Criminal No. 1:07cr209.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 8, 2009.

the ADEA. Dismissal of Count III only relates to the OWBPA.

---

On May 18, 2006, the government filed an application and supporting affidavit for a warrant to search Room 2113 of the Rayburn House Office Building, defendant's congressional office at the time. The warrant sought only non-legislative materials, and the affidavit described the following special procedures to be used in executing the search:

(1) The search would be conducted by FBI agents with no substantive role in the investigation.

(2) The FBI agents were (i) to review all paper records to determine which were responsive to the search warrant and (ii) to copy, without reviewing, all electronic files on the computer hard drives or other electronic media in defendant's office.

(3) The FBI agents would be forbidden from disclosing any politically sensitive and non-responsive items seen during the course of the search.

(4) The responsive paper documents and the images of defendant's electronic files would be turned over to a filter team, composed of an FBI agent and two Justice Department attorneys not otherwise involved in the investigation, which would review the materials for Speech or Debate Clause privilege and responsiveness.

(5) Materials determined by the filter team to be privileged or non-responsive to the warrant would be returned to defendant without dissemination to the prosecution team.

(6) Materials determined by the filter team not to be privileged would be delivered to the prosecution team, with copies to defendant.

(7) Finally, materials determined by the filter team to be potentially privileged

Mark Lytle, Rebeca H. Bellows, United States Attorney's Office, Alexandria, VA, Charles E. Duross, U.S. Department of Justice, Washington, DC, for United States of America.

Amy Berman Jackson, Robert Powel Trout, Gloria B. Solomon, Trout Cacheris PLLC, Washington, DC, for Defendant.

### *ORDER*

T.S. ELLIS, III, District Judge.

In this multi-count prosecution of a now-former Member of Congress,[1] defendant seeks to suppress evidence seized from his congressional office. This evidence was seized during a search authorized by a carefully crafted warrant issued by the United States District Court for the District of Columbia. Because they are central to a resolution of the motion to suppress at bar, the terms of the warrant and its litigation history merit a brief recounting here.

---

**1.** At the time of the search at issue here and at the time the indictment was returned defendant was the sitting member of the United States House of Representatives for Louisiana's 2nd Congressional District.

would be given to defendant and submitted to the district court for a privilege determination.

On May 18, 2006, the United States District Court for the District of Columbia issued the search warrant, which was executed on May 20 and May 21, 2006. Pursuant to the procedures outlined in the warrant's supporting affidavit, the designated FBI agents reviewed every paper record in the office and copied, without reviewing, the hard drives of all the office's computers and other electronic storage devices. In the end, these agents seized two boxes of documents deemed responsive to the warrant, as well as images of all the office's electronic files.

Immediately following the search, the Deputy Attorney General halted review of the seized materials by ordering a freeze. On May 24, 2006, defendant moved for the return of all seized property pursuant to Rule 41(g), Fed.R.Crim.P., which motion was denied by the United States District Court for the District of Columbia on July 10, 2006. *In re Search of the Rayburn House Office Bldg. Room No. 2113 Washington, D.C. 20515*, 432 F.Supp.2d 100 (D.D.C.2006). The district court also denied defendant's subsequent motion for a stay pending appeal, *see In re Search of the Rayburn House Office Bldg.*, 434 F.Supp.2d 3 (D.D.C.2006), following which defendant immediately sought and obtained an emergency stay pending appeal from the United States Court of Appeals for the District of Columbia. *United States v. Rayburn House Office Bldg., Room No. 2113, Washington, D.C. 20515*, No. 06–3105 (D.C.Cir. July 25, 2006) (Order). Thereafter, the D.C. Circuit remanded the record to the district court with instructions to make findings regarding which, if any, of the seized materials were records of legislative acts. *Rayburn*

*House Office Bldg.*, No. 06–3105, 2006 U.S.App. LEXIS 19466 (D.C.Cir. July 28, 2006). Specifically, the D.C. Circuit instructed the district court to

(i) provide copies of all the seized paper records to defendant;

(ii) determine which electronic files would be responsive to the search warrant and provide a list of responsive records to defendant;

(iii) provide defendant with an opportunity to submit, *ex parte*, any claims that specific documents are legislative in nature; and

(iv) review the specific documents *in camera* to determine whether they are privileged under the Speech or Debate Clause.

The D.C. Circuit further enjoined the government from reviewing any of the seized documents pending further order of that Court. *See id.* This order was subsequently amended to allow the government to review seized materials that defendant concedes are not privileged under the Speech or Debate Clause. *See Rayburn House Office Bldg.*, No. 06–3105, 2006 U.S.App. LEXIS 28335 (D.C.Cir. Nov. 14, 2006). During the course of today's hearing, the parties represented that the district court's privilege review is ongoing.[2] As a result, the only materials from the May 20–21, 2006, search that the prosecution team has reviewed and could offer at trial are materials defendant concedes are not protected by the Speech or Debate Clause.

On August 3, 2007, the D.C. Circuit issued a decision in defendant's appeal of the district court's denial of his motion seeking the return of all materials seized in the May 20–21, 2006, search pursuant to Rule 41(g), Fed.R.Crim.P. The D.C. Cir-

---

**2.** The government also stated at today's hearing that it is prepared to proceed to trial without receiving the results of the district court's privilege review.

cuit held that because the Speech or Debate Clause protects members of Congress from compelled disclosures of legislative materials, the FBI agents' search of the paper records in defendant's congressional office violated the Constitution since defendant was denied "any opportunity to identify and assert the [Speech or Debate Clause] privilege with respect to legislative materials before their compelled disclosure to Executive agents." *See Rayburn House Office Bldg.*, 497 F.3d 654, 662 (D.C.Cir.2007).[3] As a remedy for that violation, the D.C. Circuit rejected defendant's argument that all materials seized in the search should be returned to him under Rule 41(g), holding instead that defendant was only entitled to the return of materials protected by the Speech or Debate Clause. *Id.* at 665. The D.C. Circuit further ordered (i) that "the FBI agents who executed the search warrant shall continue to be barred from disclosing the contents of any privileged or politically sensitive and non-responsive items" and (ii) that the agents who conducted the search "shall not be involved in the pending prosecution." *Id.* at 666. The crux of the D.C. Circuit's opinion is that "a search that allows agents of the Executive to review privileged materials without the Member's consent violates the [Speech or Debate] Clause." *Id.* at 663. This does not mean that the Member has the last word on whether the privilege applies; rather, any claim of Speech or Debate Clause privilege must still be judicially assessed *in camera.*

■ Defendant now moves here to suppress all evidence seized during the May 20–21, 2006, search of his congressional office. The threshold question raised by defendant's motion—whether the manner in which defendant's congressional office was searched violated the Speech or Debate Clause—has already been answered by the D.C. Circuit. The government argues that the D.C. Circuit's finding of a Speech or Debate Clause violation is not binding here and asserts that the D.C. Circuit's opinion should receive little, if any, deference in this litigation. Although the government correctly observes that the D.C. Circuit's decision is not binding here,[4] the government's invitation to reconsider the constitutionality of the search is appropriately declined based on considerations of judicial comity and economy. This is so especially given the D.C. Circuit panel's extensive consideration of the constitutional question, a question the government urged the D.C. Circuit to resolve even after the return of the indictment in this jurisdiction.[5] Thus, notwithstanding the appealing reasoning of Judge Henderson's dissent,[6] the lawfulness of the search will not be reconsidered.

---

**3.** According to the D.C. Circuit, the search would have been lawfully executed in a manner consistent with the Executive's interest in law enforcement if, prior to the agents' search and with his office sealed, defendant had been allowed to identify and segregate legislative materials protected by the Speech or Debate Clause. Following the conclusion of the search, defendant's assertions of privilege would have been subject to judicial review. *Id.* at 662–63.

**4.** In its opposition brief, the government argued that the D.C. Circuit's decision is not binding in this matter because the decision is not final and the law-of-the-case doctrine is inapplicable. Although the D.C. Circuit's decision subsequently became final when the government's writ of certiorari was denied, *see Rayburn House Office Bldg.*, —— U.S. ——, 128 S.Ct. 1738, 170 L.Ed.2d 539 (2008), its opinion is not controlling authority here.

**5.** *See* Letter from Roy W. McLeese III, Assistant United States Attorney, to Mark J. Langer, Clerk (June 7, 2007).

**6.** *See Rayburn House Office Bldg.*, 497 F.3d at 666 (Henderson, J., dissenting).

■ Yet, acceptance of the D.C. Circuit's finding of a constitutional violation does not compel the further conclusion, as defendant urges, that materials seized during the search that are not covered by the Speech or Debate Clause must be excluded from trial. Defendant's argument, distilled to its essence, is that suppressing all seized materials is the only remedy that will adequately redress the constitutional violation and deter future violations of the Speech or Debate Clause. The government makes essentially two arguments in response. First, the government relies on the Fourth Circuit's "general rule ... that items properly seized may still be admitted even when they are obtained at the same time as improperly seized items." *United States v. Ruhe,* 191 F.3d 376, 383 (4th Cir.1999); *see also United States v. Jones,* 31 F.3d 1304, 1314 (4th Cir.1994). This argument alone would fail to persuade given that the general rule described in *Ruhe* and *Jones* applies in situations in which police are found to have exceeded the scope of a valid warrant, but not necessarily where, as here, a court has determined that the search was "unconstitutional in its design and implementation." *Rayburn House Office Bldg.,* 497 F.3d at 661.

■ More persuasive is the government's reliance on *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court made pellucidly clear that "the exclusionary rule is neither intended nor able to cure the invasion of the defendant's rights which he has already suffered." 468 U.S. at 906, 104 S.Ct. 3405 (citation and internal quotation marks omitted). Instead, the rule represents "a judicially created remedy designed to safeguard ... [constitutional] rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *Id.* (citation and internal quotation marks omitted). Based on these principles, the Supreme Court held that evidence obtained in objec-

tively reasonable reliance on a warrant is admissible even if the warrant is determined subsequently to be invalid. *Id.* at 922, 104 S.Ct. 3405.

Although *Leon* created a good-faith exception to the exclusionary rule in the Fourth Amendment context, *Leon*'s rationale is nonetheless applicable and persuasive here. In this case, as the D.C. Circuit noted, "[t]here is no indication that the Executive did not act based on a good faith interpretation of the law, as reflected in the district court's prior approval and later defense of the special procedures set forth in the warrant affidavit." *Id.* at 664. Clearly, the agents' reliance on the warrant issued by the district court was objectively reasonable. Moreover, the district court, confronted with an unprecedented question, meticulously and sensitively sought to craft search procedures that would accommodate Speech or Debate Clause concerns. Given this, there is no good reason to believe that the blanket suppression in this case of evidence not covered by the Speech or Debate Clause would have any deterrent effect and hence suppression of the unprivileged documents is unwarranted.

Accordingly, for these reasons and for the reasons stated from the Bench,

It is hereby **ORDERED** that defendant's motion to suppress evidence from Room 2113 of the Rayburn House Office Building (Dkt. No. 37) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.